# EXHIBIT B

1/6/2021 1:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49450060
By: Maria Rodriguez
Filed: 1/6/2021 11:58 AM

2021-00643 / Court: 189

**CAUSE NO. ______**

| | | |
|---|---|---|
| **KIMBERLY MORGAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA MART, L.L.C.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Kimberly Morgan ("Plaintiff"), and files this Original Petition complaining of and against Fiesta Mart, L.L.C. ("Defendant"), and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

Plaintiff, Kimberly Morgan, is an individual residing in Harris County, Texas.

Defendant is a Texas corporation. Defendant may be served with process by and through its Registered Agent for Service: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201, or wherever it may be found. Service on Defendant is hereby requested at this time.

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in

controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

## IV. FACTUAL BACKGROUND

On October 7, 2019, Plaintiff was grocery shopping on the premises of a Fiesta Mart grocery store located at 1175 Edgebrook Drive, Houston, Texas 77034. At the time of the incident, this store was owned, controlled, and/or operated by Defendant.

Plaintiff was walking in the ice cream section of the grocery store when suddenly, Plaintiff slipped and fell on a puddle of water, left behind by a store employee who had been stocking the freezer, causing Plaintiff to fall to the ground and suffer painful bodily injuries as a result.

There were no signs posted near the puddle of water as to warn invitees such as Plaintiff of the unreasonably dangerous condition posed by the water on the floor.

## V. NEGLIGENCE OF DEFENDANT

Because Plaintiff was on Defendant's premises to shop for groceries, she was an invitee at the time of the incident. The puddle of water was located inside of Defendant's premises and posed an unreasonable risk of harm to its business patrons such as Plaintiff. Defendant knew or reasonably should have known of the danger posed by the puddle of water on its premises. Defendant owed a duty to its invitees, such as Plaintiff, to exercise ordinary care to keep its premises in a reasonably safe condition. Defendant breached its duty of ordinary care to Plaintiff in one or more of the following particulars:

    a.    In creating the unreasonably dangerous condition through its agents or employees by having a puddle of water in an area open to invitees;
    b.    In failing to place caution signs to warn invitees, such as Plaintiff, of the puddle of water in an area open to invitees;
    c.    In failing to verbally warn invitees, such as Plaintiff, of the puddle of water;
    d.    In failing to place any barriers in the area of the puddle of water to prevent

       invitees, such as Plaintiff, from unwittingly being exposed to the unreasonable danger of a slippery floor;

e. In failing to make the condition reasonably safe by removing the puddle of water from the open area; and

f. In failing to properly inspect and maintain its premises.

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused Plaintiff's fall and her resulting injuries and damages.

## VI. DAMAGES

Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish and physical impairment, and in reasonable probability will continue to suffer physical pain, mental anguish and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past, and in reasonable probability will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

## VII. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law,

expressly reserved.

## XIII. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## IX. RULE 193.7 NOTICE

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, Plaintiff recovers actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**
6200 Gulf Freeway, Suite 410
Houston, Texas 77023
Telephone: (713) 349-1500
Facsimile: (713) 432-7785

*/s/ Leena Joseph*
LEENA JOSEPH
State Bar No.: 24084374
ljoseph@millerweisbrod.com

ATTORNEY FOR PLAINTIFF

1/21/2021 9:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49890907
By: Ozuqui Quintanilla
Filed: 1/21/2021 9:20 AM

CAUSE NO. 2021-00643

| | | |
|---|---|---|
| KIMBERLY MORGAN<br>Plaintiff, | §<br>§ | IN THE DISTRICT COURT OF |
| | § | |
| vs.<br>FIESTA MART LLC<br>Defendants. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| | §<br>§ | 189th JUDICIAL DISTRICT |

**DEFENDANT FIESTA MART LLC'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART LLC, files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

## I. General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

## II. Jury Demand

2. Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

## III. Request for Disclosure

3. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

## IV. Prayer

FOR THESE REASONS, Defendant FIESTA MART LLC, respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART LLC, and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recovers all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

a. Costs of suit; and

b. Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

MEHAFFYWEBER, P.C.

By:*/s/Maryalyce W. Cox*
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas 77002
Telephone - (713) 655-1200
Telecopier - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT
FIESTA MART LLC

**CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on January 21, 2021, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox