Case 4:21-cv-00429   Document 18   Filed on 01/04/22 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
January 04, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-21-429 |
| | § | |
| FIESTA MART, LLC., | § | |
| | § | |
| Defendant. | § | |

### ORDER

Pending before the Court is Defendant's Fiesta Mart, LLC's Motion for Summary Judgment (Document No. 14). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

### I. BACKGROUND

This case arises from a slip and fall incident which occurred in Defendant Fiesta Mart, LLC's ("Fiesta") store located at 1175 Edgebrook Drive, Houston, Texas 77034 (the "Store"). On October 7, 2019, Plaintiff Kimberly Morgan was shopping in the frozen section of the Store when she allegedly slipped and fell. Morgan allegedly continued shopping and did not make an incident report. On October 8, 2019, Morgan returned to the Store and made an incident report regarding her alleged slip and fall, alleging she broke her right little finger when she fell in the frozen section of the Store the day prior.

Based on the foregoing, on January 6, 2021, Morgan filed suit in the Harris County District Court for the 189th Judicial District, asserting: (1) a premises liability claim; and (2) a negligence claim. On February 8, 2021, Fiesta removed this action on the basis of diversity jurisdiction. On November 9, 2021, Fiesta moved for summary judgment on all of Morgan's claims.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

Fiesta contends: (1) it is entitled to summary judgment on Morgan's negligence claim as a matter of law; (2) Morgan has not produced evidence to show Fiesta had actual or constructive knowledge of the dangerous condition; and (3)

Fiesta did not breach its duty of ordinary care. Morgan did not respond to the motion for summary judgment.[1] The Court first addresses Morgan's negligence claim.

A.   *Negligence Claim*

Fiesta contends Morgan improperly brings a negligence claim based on a hazardous condition in the freezer section of the Store. The parties agree Texas law applies in this case. Under Texas law, negligence and premises liability claims are "separate and distinct theories of recovery." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). The core distinction between these claims is "the principle that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the [property] owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the [property] owner's failure to take measures to make the property safe." *Id.* (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)) (internal quotations omitted). Further, "slip/trip-and-fall cases have consistently been treated as premises defect causes of action." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d

---

[1] On September 8, 2021, Morgan's counsel withdrew, and Morgan proceeded *pro se*. On November 17, 2021, Fiesta sent a copy of the motion for summary judgment via certified mail return receipt requested and regular mail to both of Morgan's known addresses. The return receipt for one address shows delivery was refused by an authorized recipient and, as of November 13, 2021, the return receipt for the other address indicates Morgan arranged for redelivery. As of December 2, 2021, neither copy of the motion for summary judgment sent via regular mail was returned as undeliverable. *See Fiesta Mart, LLC's Statement Regarding Service of Motion for Summary Judgment on* Pro Se *Plaintiff*, Document No. 17.

4

380, 391 (Tex. 2016). Even though "almost every artificial condition upon which a premises liability claim is based may be created by an activity," Texas courts continue to maintain the distinction between negligence and premises liability claims. *Id.* at 388 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)).

In her amended complaint, Morgan contends Fiesta was negligent in failing to train its employees to avoid causing puddles and its employees were negligent in stocking the freezers. Fiesta contends Morgan fails to establish any "affirmative, contemporaneous conduct" by Fiesta, as required to maintain a negligence claim under Texas law. *See Levine*, 537 S.W.3d at 471. In essence, Morgan's negligence claim is based on Fiesta's failure to exercise proper care in stocking the freezer section to avoid the creation of puddles. Importantly, Morgan does not allege any affirmative, conduct contemporaneous to her alleged injury by Fiesta as the basis for her negligence claim. Therefore, Morgan's contention sounds in premises liability, not in negligence. The Court finds Morgan's negligence claim fails as a matter of law. Thus, summary judgment is proper. Accordingly, summary judgment as to Morgan's negligence claim is granted.

B.   *Premises Liability Claim*

Fiesta contends Morgan's premises liability claim fails as a matter of law because Morgan failed to produce any evidence of: (1) Fiesta's knowledge of the condition; and (2) Fiesta's failure to use reasonable care to reduce the risk of injury.

5

Under Texas law, a premises liability claim has four elements: "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of the injuries to the [plaintiff]." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). To prove the knowledge element, a plaintiff can show either: (1) "the defendant placed the substance on the floor;" (2) "the defendant actually knew that the substance was on the floor;" or (3) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). A plaintiff may rely on either direct or circumstantial evidence of a defendant's knowledge. *McCarty v. Hillstone Restaurant Group, Inc.*, 864 F.3d 354, 359 (5th Cir. 2017) (*citing Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 935–36 (Tex. 1998)).

On October 7, 2019, Morgan was wearing flip flops when she slipped in the freezer section of Fiesta and allegedly broke her right little finger during the fall.[2] According to the Customer Incident Report (the "Incident Report"), the Store

---

[2] *Fiesta Mart, LLC's Motion for Summary Judgment*, Document No. 14, Exhibit 7 (*Incident Report*) at 1 [hereinafter *Incident Report*].

6

Director asked Morgan at the time of the incident if she wished to make an incident report, which she declined at the time.[3] However, Morgan reported the incident and her alleged injury to Fiesta the next day.[4] The Incident Report also indicates wet floor cones were present at the time Morgan allegedly fell.[5] Further, there is no indication in the record Fiesta was aware of any dangerous condition until after Morgan allegedly slipped and fell. Morgan failed to appear for her scheduled deposition twice.[6] Additionally, Morgan did not respond to Fiesta's motion for summary judgment. Failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Thus, the Court finds Morgan failed to create a genuine issue of material fact. Therefore, summary judgment is proper. Accordingly, summary judgment as to Morgan's premises liability claim is granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** Fiesta Mart, LLC's Motion for Summary Judgment (Document No. 14) is **GRANTED**.

**THIS IS A FINAL JUDGMENT.**

---

[3] *Incident Report, supra* note 2, at 2.

[4] *Incident Report, supra* note 2, at 1.

[5] *Incident Report, supra* note 2, at 2.

[6] *Fiesta Mart, LLC's Motion for Summary Judgment*, Document No. 14, ¶¶ 2–5.

SIGNED at Houston, Texas, on this 4th day of January, 2022.

*David Hittner*
DAVID HITTNER
United States District Judge